UNITED STATES *v.* COOPER.

## *Privilege.*

A member of congress is not excempt from the service nor obligations of a *subpœna*, in a criminal case.

THE defendant, being indicted for a libel on the President, applied to the court, for a letter to be addressed by them, to several members of congress (congress being in session) requesting their attendance as witnesses on his behalf.[1]  In support of the application, a variety of similar cases, arising under the government of Pennsylvania, were referred to.

CHASE, Justice.—The constitution gives to every man charged with an offence, the benefit of compulsory process, to secure the attendance of his witnesses.  I do not know of any privilege to exempt members of congress from the service or the obligations of a *subpœna*, in such cases.  I will not sign any letter of the kind proposed.  If, upon service of a *subpœna*, the members of congress do not attend, a different question may arise ; and it will then be time enough to decide, whether an attachment ought, or ought not, to issue.  It is not a necessary consequence of non-attendance, after the service of a *subpœna*, that an attachment shall issue.  A satisfactory reason may appear to the court, to justify or excuse it.

PETERS, Justice.—I know the practice in Pennsylvania to be as it has been stated ; for I have received such letters from the supreme court, while I was speaker of the house of representatives, requesting that members might be permitted to attend as witnesses.  In the present case, I should have no objection to acquiesce in the defendant's application, with the concurrence of the presiding judge.

Motion refused.

———

MURGATROYD *v.* McLURE.                    [*342

## *Illegal contract.*

Replevin cannot be maintained for a vessel, by registered owner, who has received the full value of it from another, for whom he is mere trustee, in fraud of the laws of the United States.

REPLEVIN, for the ship Mount Vernon.  The defendant claimed property, under a capture and condemnation as prize, in the French Court of Prizes, established at the city of St. Domingo, in the island of St. Domingo, under the circumstances stated in the reports of the trials, relative to the same ship.  *Murgatroyd* v. *Crawford*, 3 Dall. 491 ; *Duncanson* v. *McLure, ante,* p. 308.  After hearing the evidence—

CHASE, Justice, declared, that the whole transaction between Murgatroyd and Duncanson was a mere cover to evade the laws of the United States ; that the former was a mere trustee for the latter ; and that having been paid the full price for the ship, he had no property, on which the replevin could be maintained.

The plaintiff suffered a nonsuit.

———

[1] See Cooper's case, in Wharton's State Trials **659.**